# UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF LOUISIANA
# SHREVEPORT DIVISION

| | |
|---|---|
| RICKY SEABERRY | CIVIL ACTION NO. 05-1960-P |
| VERSUS | JUDGE HICKS |
| RICHARD STALDER, ET AL | MAGISTRATE JUDGE HORNSBY |

## AMENDED MEMORANDUM ORDER[1]

Before the Court is Petitioner's Appeal of two rulings by the Magistrate Judge.[2] Petitioner filed a Motion for Leave to Proceed *in Forma Pauperis* [Doc No. 2], which motion was denied by the Magistrate Judge pursuant to 28 U.S.C. § 1915(g) based on Petitioner's previous filings which were dismissed as frivolous, malicious or because they failed to state a claim upon which relief could be granted [Doc. No. 12]. Petitioner then filed a Motion for Leave to File *in Forma Pauperis* under the Exeception of Imminent Danger Rule [Doc. No. 13], which motion was denied by the Magistrate Judge since Petitioner's Complaint did not support his contention that he was under imminent threat of serious bodily injury [Doc. No. 14]. Petitioner now appeals the Magistrate's denials of those motions. The Magistrate Judge's ruling is not a recommendation to the district court, which normally requires *de novo* review under Rule 72. Rather, it is an Order from the Magistrate Judge on a non-dispositive

---

[1] In order to clarify the Court's ruling and to address Petitioner's recently filed memorandum in support [Doc. No. 17], the instant Order amends and supercedes the Court's previous Memorandum Order [Doc. No. 18].

[2] Although Petitioner styled his filing as an appeal to the Fifth Circuit, the Clerk properly docketed it as an appeal to the district court of a magistrate judge's order.

matter than requires the district court to uphold the ruling unless it is clearly erroneous or contrary to law. See 28 U.S.C. § 636(b)(1)(A).

Petitioner filed a memorandum in support of his appeal. [Doc. No. 17]. Petitioner argues that he should be excepted from the "three strikes" rule of 28 U.S.C. § 1915(g) because he is "under imminent danger of serious physical injury." Petitioner's argument is based on his contention that he is being denied proper medical treatment for hyperthyroidism. However, the Court agrees with the Magistrate Judge that Petitioner's allegations are insufficient to meet the exception to 28 U.S.C. § 1915(g). See Edmond v. Texas Dep't of Corrections, et al., No. 97-10819, 97-11170, 97-11202 (5th Cir. Oct. 7, 1998)(unpublished)(delay in medical care for fractured jaw insufficient to satisfy §1915(g) exception); Ford v. Foti, No. 01-1970, 2001 WL 845461, at *2 (E.D.La. July 25, 2001)(failure to treat progressively for Hepatitis C insufficient); Gallagher v. McGinnis, No. 00-1468, 2000 WL 739285, at *1 (E.D.La. June 5, 2000)(inadequate medical care for excruciating pain and ambulatory difficulties exacerbated by work assignments and the prison officials' indifference to medical needs insufficient).[3]

Accordingly, for the reasons stated in the Memorandum Orders of the Magistrate Judge previously filed herein, and after an independent review of the record, and determining that the findings are correct under the applicable law;

---

[3] Neither of the cases cited by Petitioner [Doc. No. 17 at p. 7] support Petitioner's contention, since in both cases the court found that the petition failed to establish that he was in imminent danger of serious physical injury.

**IT IS ORDERED** that Petitioner's Appeal of the Memorandum Orders of the Magistrate Judge previously filed herein [Doc. Nos. 12 & 14] is **DENIED**.

**THUS DONE AND SIGNED**, in Shreveport, Louisiana, on this 13th day of June, 2006.

S. MAURICE HICKS, JR.
UNITED STATES DISTRICT JUDGE